UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Timothy P. Neumann, Esq. [TN6429]
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, NJ 08736
(732) 223-8484
tneumann@bnfsbankruptcy.com
*Attorneys for Debtor Ronald J. Raslowsky*

In re:

RONALD J. RASLOWSKY,

        Debtor.

Chapter 11 Case No.:  16-13754
(Converted from Chapter 11)

Judge: Hon. Kathryn C. Ferguson

**CERTIFICATION OF RONALD RASLOWSKY IN OPPOSITION TO
ABANDONMENT OF REAL PROPERTY AND IN
SUPPORT OF MOTION FOR AN ORDER CONVERTING
CHAPTER 7 PROCEEDINGS TO CHAPTER 11 PROCEEDINGS**

    I, Ronald J. Raslowsky, hereby certify as follows:

1. I am the Debtor in the above-referenced Chapter 11 bankruptcy case.

2. I filed Chapter 11 in order to stop a sheriff sale of the marital residence which I believe has substantial equity.

3. By virtue of a deed made on February 2, 2006 by and between Prima Builders, Inc., as grantor, and Ron and Maria Raslowsky ("Maria"), as grantees, recorded in the Office of the Ocean County Clerk on February 8, 2006 in Book 13034 at Page 1133, Maria and I became the owners as tenants by the entirety of real property known as Lot No. 1.06 in Block 156 on the tax map of the Township of Dover (Toms River), County of Ocean and State of New Jersey, also known as 2226 Ponybrook Way, Toms River, NJ 08753 (the "**Property**").

1

4. Upon our divorce, the Subject Property became owned by Maria and me as tenants in common, and was so owned on the Petition Date.

5. The United States Trustee filed a motion to convert my case from Chapter 11 to Chapter 7 because I could not obtain insurance on the Subject Property.

6. But for the inability to obtain insurance, I would have remained in Chapter 11.

7. I had already filed a complaint to obtain authority to sell the Subject Property.

8. I have finally been able to obtain insurance on the Subject Property. Consequently, I respectfully request that I be allowed to pursue a reorganization and have my case converted from Chapter 11 to Chapter 7.

9. This is the second time I requested the relief which is the subject of this motion. The first motion was opposed by the Trustee for several reasons.

10. The Trustee had objected because I not yet appeared for a Rule 2004 examination that the Chapter 7 Trustee wanted.

11. I appeared at the Trustees office and was deposed on November 15, 2016.

12. The Trustee also stated that I had not provided:

    (a) information relating to a Wells Fargo home equity line of credit, which was apparently the debt of my company;
    (b) copy of a State Court Motion;
    (c) information relating to a potential buyer of the real property; and
    (d) confirmation that the Trustee had never authorized me to go to the Property and take occupancy and/or remove any personalty

13. The Trustee had filed a motion to compel my attendance which was resolved by consent order entered October 18, 2016 [Docket 88].

14. I have provided all of the above to the Trustee to the extent that I had the information in my possession. In addition, I never entered the Property except on one occasion when I met the Trustee there and entered with her knowledge and consent.

15. I still wish to reorganize and pay my creditors through a plan.

16. The Trustee has filed a notice of intention to abandon the Property. If my case is converted to Chapter 11, I will commence paying real estate taxes on the Property and spend the sums necessary to attend to landscaping and maintenance. The lawn should be sodded. The house has green mold on it and needs to be power washed. Several screens are broken and need to be repaired. I was advised that 3 of 5 furnaces are inoperable. The entire interior needs repainting. Harwood floors need re-finishing. There is a hole in a ceiling caused by water. My ex-spouse left the Property with 3 refrigerators full of food, which rotted, and ruined the refrigerators. The rear patio is pavers and those are coming up and need to be removed and re-installed. All of these items and others I will address and the Property will become far more appealing.

17. The second mortgage on the Property is a business loan which is current. If the Property is sold, the loan can be paid off and the business can devote that monthly payment to the partial funding of a plan.

18. I don't owe much other than the first and second mortgage. The second mortgage is current and is being paid by my business.

19. My ex-wife has filed a claim for $315,615.00 (copy annexed as Exhibit A). The claim makes no sense because it is based upon the divorce judgment which incorporates the settlement agreement. The only financial obligations in the settlement agreement are $600.00 per week for 6 years as alimony. I am current in my alimony payments and it is my understanding that postpetition alimony is not allowable as a claim. After that, there is only $85,000 for buying her out of the business, $35,000 for buying her interest in the Property, and $50,000 for personal property. That totals $170,000, not $315,000. All of that is the subject of the appeal

from the divorce judgment which is presently awaiting decision in the Appellate Division of Superior Court. If the appeal is successful, the claim unliquidated until either adjudicated or resolved by agreement. Whatever the result, I will pay, except for the $50,000 for the house contents. I was restrained from entering the house and all of the contents are gone, and my ex-spouse was the only person with access, but that is an issue for the Superior Court.

20. In sum, I will pay all my creditors in full. My plan will provide that the house will be refurbished and marketed. I will pay the real estate taxes, insurance and maintenance. My creditors will be paid from the sale proceeds and any shortfall will be paid from my business at the rate of $1,000 per month.

I certify that the foregoing statements made by me are true to the best of my knowledge. I understand that if any of the foregoing statements made by me are willfully false that I am subject to punishment.

Dated: February 13, 2017            By:    /s/ *Ronald J. Raslowsky*
                                                    Ronald J. Raslowsky