**TRENK, DIPASQUALE,
DELLA FERA & SODONO, P.C.**
427 Riverview Plaza
Trenton, NJ  08611
(609) 695-6070
Andrea Dobin (adobin@trenklawfirm.com)
Michele M. Dudas (mdudas@trenklawfirm.com)
*Attorneys for Andrea Dobin, Chapter 7 Trustee*

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>RONALD J. RASLOWSKY,<br><br>      Debtor. | Chapter 7<br><br>Case No. 16-13754 (KCF)<br><br>**Hearing Date: October 31, 2017**<br>**Hearing Time: 10:00 a.m.** |

### CERTIFICATION OF ANDREA DOBIN, CHAPTER 7 TRUSTEE,
### IN RESPONSE TO MOTION OF M&T BANK FOR RELIEF FROM STAY AS TO 2226 PONYBROOK WAY, DOVER TOWNSHIP, NEW JERSEY

   Andrea Dobin, of full age, certifies as follows:

   1.  I am the duly appointed Bankruptcy Trustee in the bankruptcy proceeding of Ronald J. Raslowsky, Chapter 7 debtor (the "Debtor").  I am submitting this Certification in Opposition to the Motion of M&T Bank for relief from the automatic stay to entitle it to proceed with the sheriff sale of 2226 Ponybrook Way, Dover Township, New Jersey (the "Property").  I have personal knowledge of the facts set forth herein, except as noted.

   2.  When the Debtor filed his emergent bankruptcy petition on March 1, 2016, the entire purpose was to protect the Property from sale.  He believed that there was equity in the Property beyond the first mortgage held by M&T Bank.

3. The Debtor did not appreciate the fact that Wells Fargo Bank, N.A. held a second mortgage, to collateralize his personal guaranty of an obligation of his business.

4. I listed the Property for sale for $899,900 on May 20, 2016. I did not receive any offers that were sufficient to pay the obligation of M&T Bank and Wells Fargo Bank. My efforts to force Wells Fargo Bank to release its lien for less than full payment were unsuccessful. See Adversary Number 16-1550.

5. When I was unable to sell the Property, I filed a Notice of Proposed Abandonment. Docket No. 91. The Debtor objected and sought to reconvert to a Chapter 11. Docket Nos. 93 and 94.

6. The Objection to the Notice of Proposed Abandonment and the Motion to Reconvert were settled which settlement was memorialized in a Consent Order entered by the Court on April 18, 2017. Docket No. 105.

7. Pursuant to the terms of the Consent Order, the Debtor was afforded the opportunity to improve the condition of the Property in an effort to justify a higher sale price.

8. Although the Debtor did not meet the timing obligations imposed by the Consent Order, I was advised by my duly-retained real estate agent that the Property does show "better".

9. On August 21, 2017, I relisted the Property for sale at a sale price of $949,900.

10. I have not received any offers in the two months the Property has been actively listed. My agent has advised that I must, again, reduce the sale price. Unfortunately, there is insufficient equity in the Property to justify the price reduction being requested. It remains listed for sale at $949,900.

11. The Debtor has misjudged the real estate market. The Property has been listed for sale during the active part of the market in both 2016 and 2017.

12. Movant asserts a payoff of $635,186.35. The Wells Fargo debt is $200,000. I have gotten a single offer for $800,000 which is insufficient to clear title.

13. At this point I have no basis on which to object to the Motion, but wanted the Court to be aware of my position.

I hereby certify that the above statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 23, 2017                              /s/ Andrea Dobin
                                                                                 ANDREA DOBIN

4850-5367-9182, v. 1