**TRENK, DIPASQUALE,**
**DELLA FERA & SODONO, P.C.**
427 Riverview Plaza
Trenton, NJ 08611
(973) 243-8600
Andrea Dobin
Michele M. Dudas
*Attorneys for Plaintiff Andrea Dobin,*
*Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>RONALD J. RASLOWSKY,<br><br>Debtor. | Case No. 16-13754 (KCF)<br><br>Chapter 7<br><br>Honorable Kathryn C. Ferguson,<br>Chief United States Bankruptcy Judge |
| ANDREA DOBIN, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>LORRAINE T. RASLOWSKY TRUST, GREGORY RASLOWSKY and DAVID J. RASLOWSKY,<br><br>Defendants. | Adv. Pro. No. 18-____ (KCF)<br><br>**COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF RIGHTS OF DEFENDANTS GREGORY RASLOWSKY AND DAVID J. RASLOWSKY IN LORRAINE T. RASLOWSKY TRUST, AND FOR DECLARATION OF CLEAR TITLE OF ASSETS OWNED BY TRUST** |

Plaintiff Andrea Dobin, Chapter 7 Trustee ("Plaintiff" or "Trustee"), by way of Complaint against Defendants Lorraine T. Raslowsky Trust ("Trust"), Gregory Raslowsky ("Gregory") and David J. Raslowsky ("David") (where appropriate, collectively, "Defendants"), hereby states and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to Sections 157 and 1334 of Title 28 of the United States Code.

2. This is a core proceeding within the meaning of Section 157(b) of Title 28 of the United States Code.

3. Venue of this action is proper in this district pursuant to Sections 1408 and 1409 of Title 28 of the United States Code.

4. This Adversary Complaint is brought pursuant to 11 U.S.C. §§ 105, 541 and 541 of the United States Bankruptcy Code, and Rule 7001(2) of the Federal Rules of Bankruptcy Procedure in order to determine the extent and validity of Defendant Gregory's and Defendant David's interest in the Trust, for a declaration of clear title of the assets owned by the Trust, and for related relief.

**THE PARTIES AND RELEVANT FACTS**

5. On March 1, 2016, the Debtor filed an emergent voluntary petition for relief under Chapter 11 of the Bankruptcy Code (Docket No. 1).

6. After extending the time to file his missing schedules (Docket No. 12), they were filed on April 4, 2016 (Docket No. 22).

7. The Debtor lists an interest as a "Beneficiary of Trust Agreement; Property in West Palm Beach, FL" on Schedule B.

8. The Trust relates to a trust created by a certain Declaration of Trust of Lorraine T. Raslowsky executed on or about July 28, 2010.

9. Lorraine T. Raslowsky ("Lorraine") was the Debtor's mother.

10. Upon information and belief Lorraine passed away on December 29, 2012.

11. By Order entered May 11, 2016, the Debtor's case was converted to a Chapter 7 proceeding (Docket No. 39) and on that same date, the Trustee was appointed to act as Chapter 7 Trustee (Docket No. 41).

12. On August 12, 2016, counsel served the Debtor with a Rule 2004 Subpoena, which scheduled his deposition for September 1, 2016.

13. The deposition was finally conducted in November 2016, after a Motion to compel same was filed on September 27, 2016 (Docket No. 84), which was eventually resolved by Consent Order entered October 18, 2016 (Docket No. 88).

14. At his 2004 examination, the Debtor testified, under oath, that the sole asset of the Trust was real property located at 7633 Tahiti Lane, Suite 204, Lake Worth, Florida ("Florida Property") which has no mortgage on it.

15. The Debtor also testified that he is the sole beneficiary of the Trust, as his brothers, David and Gregory, relinquished their interest in the Trust after he "bought them out" immediate after Lorraine passed away.

16. Upon information and belief, the Trust is solely in existence as an artifice to keep the Florida Property out of the Debtor's Estate.

17. On August 9, 2017 the Court entered an Order finding the Debtor in contempt of an order entered on April 18, 2017 and an Order entered on May 30, 2017("Contempt Order") (Docket No. 132).

18. The Contempt Order provides as follows:

3

\* \* \*

- The Trustee is authorized to execute a Deed for the [Florida Property], transferring title to the Trustee so that the Florida Property may be marketed for sale by the Trustee.

- The Trustee is authorized to undertake all appropriate action to secure the Florida Property for the benefit of the Estate and its creditors, including, but not limited to, changing the locks.

- The Debtor is prohibited from entering the Florida Property, as same constitutes Property of the Estate.

\* \* \*

19. On November 29, 2017, the Trustee retained local counsel in Florida to assist in the sale of the Florida Property (Docket No. 153).

20. Local counsel has advised that the Trustee does not have marketable title unless certain actions respecting the Trust are taken.

21. By this Complaint, the Trustee seeks a declaratory judgment that: (a) Gregory and David no longer have any interest in the Trust; (b) for a declaration of clear title for the assets of the Trust, namely the Florida Property; and (c) the assets in the Trust are property of this bankruptcy Estate pursuant to 11 U.S.C. § 541 and the Trustee has all rights as the Trustee of the Trust to facilitate the fulfillment of her duties under 11 U.S.C. § 704.

**COUNT ONE – DECLARATORY JUDGMENT vs. DAVID AND GREGORY**
**(Challenging the Extent and Validity of Rights in Trust)**

22. The Trustee repeats and realleges the allegations set forth above as if set forth at length herein.

23. The Trustee requests that this Court determine the extent and validity of the rights of David and Gregory in the Trust.

24. The Trustee seeks declaratory judgment that neither David nor Gregory have any rights to the Trust or the assets titled in the name of the Trust.

**WHEREFORE**, the Trustee demands judgment against Defendants David and Gregory declaring that any beneficial interest in the Trust or ownership interest in assets titled in the name of the Trust are null and void, along with costs of suit, and reasonable attorneys' fees, and granting such other and further relief as this Court deems just, appropriate, and equitable.

### COUNT TWO – DECLARATORY JUDGMENT REGARDING TRUST
**(Declaring Clear Title for Trust Assets)**

25. The Trustee repeats and realleges the allegations set forth above as if set forth at length herein.

26. The Trustee requests a determination that any assets of the Trust, including the Florida Property, are property of the Estate, free and clear of the interests of the Trust and its beneficiaries, including the Debtor, Gregory and David.

**WHEREFORE**, the Trustee demands judgment against all Defendants declaring that the assets of the Trust, including the Florida Property, are property of the Estate, free and clear of interests of the Defendants, along with costs of suit, and reasonable attorneys' fees, and granting such other and further relief as this Court deems just, appropriate, and equitable.

### COUNT THREE
**(Turnover of Property Pursuant to 11 U.S.C. §§ 541 and 542)**

27. The Trustee repeats and realleges the allegations set forth above as if set forth at length herein.

28. As the Debtor was the sole beneficiary of the Trust, the Florida Property and any other assets of the Trust are property of this bankruptcy estate pursuant to 11 U.S.C.§ 541, and should be turned over to the Trustee pursuant to 11 U.S.C. § 542.

**WHEREFORE**, the Trustee demands judgment against the Defendants: (a) determining that the Trust, and any of its assets, are property of the Estate pursuant to 11 U.S.C. § 541; (b) for turnover of the Florida Property, and any other assets of the Trust pursuant to 11 U.S.C. § 542; (c) authorizing the Trustee to take any actions to terminate the Trust after liquidating all assets of the Trust; and (d0 granting such other and further relief as the Court deems just, appropriate, and equitable.

        **TRENK, DIPASQUALE,**
        **DELLA FERA & SODONO, P.C.**
        *Counsel to Plaintiff Andrea Dobin,*
        *Chapter 7 Trustee*

Dated: January 22, 2018        By: /s/ *Michele M. Dudas*
                                            MICHELE M. DUDAS

4821-6554-5306, v. 1